IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIDLAND FUNDING LLC, *et al.*,

      Plaintiffs,                    No.2:13-cv-0103 JAM AC PS

    vs.

EUGENE KORTE,                    ORDER AND

      Defendant.                 FINDINGS & RECOMMENDATIONS

_____/

        Defendant is proceeding in this removed action pro se and seeks relief pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

        Defendant has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The right to remove a case to federal court is entirely a creature of statute. See, e.g., Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress. We look to federal law to determine whether the elements of removal jurisdiction have been

1  established under the statutes, keeping in mind that removal statutes are strictly construed
2  against removal" (citations omitted)).  The removal statute, 28 U.S.C. § 1441, allows defendants
3  to remove when a case originally filed in state court presents a federal question or is between
4  citizens of different states.  See 28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. § 1446 (setting
5  forth removal procedures generally); § 1453 (setting forth removal procedures for class actions).
6  Only those state court actions that could originally have been filed in federal court may be
7  removed.  28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress,
8  any civil action brought in a State court of which the district courts of the United States have
9  original jurisdiction, may be removed by the defendant ... to the district court of the United
10 States for the district and division embracing the place where such action is pending ...").

11         On March 7, 2012, plaintiff Persolve LLC, d/b/a/ Account Resolution Associates,
12 filed suit in the Solano County Superior Court against defendant for open book account, common
13 counts, and account stated for collection of a debt valued at less than $5,000.  See Notice of
14 Removal ("NOR") at 178 (Case ID FCM127729).  On March 26, 2012, defendant filed an
15 answer to the complaint.  Id. at 168.  Thereafter, defendant filed a motion to file a cross-
16 complaint, see id. at 142, and on December 19, 2012 filed a cross-complaint seeking damages,
17 injunctive, and declaratory relief and accounting for violations of the Fair Debt Collections Act
18 ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  Id. at 51.  Defendant filed a Notice of Removal on January
19 17, 2013.

20         With the Notice of Removal, defendant attached a complaint  that he filed in this
21 court on January 7, 2013, ten days before removing the instant action, in Korte v. Midland
22 Funding LLC, et al., 2:13-cv-0035 JAM JFM PS.  In the earlier-filed federal case, Korte brings
23 suit for violations of the FDCPA against Persolve LLC, as well as Midland Funding LLC and the
24 Brachfeld Law Group PC.  Korte's claims against these defendants appear to be related to two
25 state actions filed against him for the collection of debt.  The first state action was initiated by
26 Persolve LLC and underlies the instant Notice of Removal (Case ID FCM127729).  The second

state action appears to have been initiated by Midland Funding LLC and the Brachfeld Law Group PC (Case ID FCM127349). On February 27, 2013, the magistrate judge in Case No. 2:13-cv-0035 deemed service appropriate for each named defendant.

On review, the undersigned finds that removal was improper. Examination of plaintiff's complaint in the underlying state action does not reveal a federal cause of action; it is based entirely on state law. See 28 U.S.C. § 1331. Additionally, diversity jurisdiction is lacking because the amount in controversy as set forth in plaintiff's complaint does not exceed $75,000. See 28 U.S.C. § 1332. To the extent defendant argues that removal is proper because of the claims raised in his cross-complaint, it is well-settled that counterclaims do not provide a basis for removal. Vaden v. Discover Bank, 556 U.S. 49, 60-61 (2009); Takeda v. Northwestern National Life Ins. Co., 765 F.2d 815, 822 (9th Cir. 1985); Chase Manhattan Mortgage Corp. v. Smith, 507 F.3d 910, 914-15 (6th Cir. 2007); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 326-27 (5rth Cir. 1998). Since plaintiff's complaint sounds only in state law and there is no basis for diversity jurisdiction, the court finds that the action is not removable.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to proceed in forma pauperis is granted;

2. Defendant's January 30, 2013 motion for accommodation is denied; and

IT IS HEREBY RECOMMENDED that this action be remanded to the Solano County State Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file

4

1  objections within the specified time may waive the right to appeal the District Court's order.
2  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57
3  (9th Cir. 1991).
4  DATED: March 19, 2013.

                                                ALLISON CLAIRE
                                                UNITED STATES MAGISTRATE JUDGE

/mbmidl0103.ifp.grant.remand